IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-02079-ZLW-BNB

CAROLYN SULLIVAN,

  Plaintiff,

v.

OCWEN LOAN SERVICING LLC, a Delaware limited liability corporation,

  Defendant.

---

ORDER

---

The matter before the Court is Defendant OcWen Loan Servicing, LLC's Motion To Dismiss Plaintiff's Complaint And Demand For Jury Trial. The Court has determined that the matter can be resolved on the parties' papers without a hearing.

**A.  Plaintiff's Claims**

Plaintiff's Complaint pleads only one clam for relief, for "FDCPA Violations." The Complaint alleges as follows. Plaintiff obtained a second mortgage on her home from non-party Freemont Investment and Loan (Freemont) in the amount of $75,200.[1] Then, in October 2005, Plaintiff filed for Chapter 7 bankruptcy protection.[2] Although Plaintiff's

---

[1] Complaint ¶¶ 12-15.

[2] Id. at ¶ 16. Although the Complaint does not specify the bankruptcy filing date, the bankruptcy court documents attached to Defendant's Request For Judicial Notice indicate, and Plaintiff does not appear to dispute, that the bankruptcy case was filed in October 2005.

Complaint alleges that the debt was in default at the time that Plaintiff filed for bankruptcy, the bankruptcy court documents attached to Defendant's Request For Judicial Notice indicate that Plaintiff made a payment on the debt in October 2005.[3] The bankruptcy court discharged the bankruptcy, including the mortgage debt, on March 8, 2006.[4] Then, on April 1, 2006, even though the mortgage debt had been discharged, Freemont "assigned" the mortgage to Defendant, a Colorado-licensed collection agency.[5] Plaintiff informed Defendant that the debt had been discharged in bankruptcy and refused to make any payments.[6] Defendant nonetheless continued to attempt to collect on the alleged debt.[7] Defendant then assigned the mortgage to non-party National Attorney Network (National).[8] Even after it assigned the mortgage to National, Defendant continued to attempt to collect on the alleged debt.[9]

Plaintiff alleges that Defendant's efforts to collect on Plaintiff's discharged mortgage debt constitute a violation of numerous subsections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), including the FDCPA's prohibition against the false representation of "the character, amount, or legal status of

---

[3] Defendant OcWen Loan Servicing LLC's Request For Judicial Notice. . . (Doc. No. 8) Ex. 2 at 2.

[4] Complaint ¶¶ 16, 24.

[5] Id. at ¶¶ 9, 22.

[6] Id. at ¶¶ 23-26.

[7] Id. at ¶ 26.

[8] Id. at ¶ 27.

[9] Id. at ¶ 28.

any debt,"[10] and the use of "unfair or unconscionable means to collect or attempt to collect any debt."[11]

**B.     Legal Standard**

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[12]  "'[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'"[13]  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[14]

**C.     Analysis**

The FDCPA's prohibitions against unfair debt collection practices distinguish between "debt collectors" and "creditors."[15]

---

[10] 15 U.S.C. § 1692e(2)(A).

[11] 15 U.S.C. § 1692f.

[12] Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

[13] Id. (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

[14] Robbins, 519 F.3d at 1247 (quoting Twombly, 127 S. Ct. at 1965).

[15] Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003).

> Creditors, "who generally are restrained by the desire to protect their good will when collecting past due accounts," S. Rep. 95-382, at 2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696, are not covered by the Act. Instead, the Act is aimed at debt collectors, who may have "no future contact with the consumer and often are unconcerned with the consumer's opinion of them." *See id.* In general, a creditor is broadly defined as one who "offers or extends credit creating a debt or to whom a debt is owed," 15 U.S.C. § 1692a(4), whereas a debt collector is one who attempts to collect debts "owed or due or asserted to be owed or due another." *Id.* § 1692a(6).[16]

An entity that acquires a current, non-defaulted debt in order simply to continue servicing it "is acting much like the original creditor that created the debt. On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector."[17] Thus, the FDCPA expressly excludes from the definition of "debt collector" "any person attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ."[18] Here, Defendant contends that because the mortgage debt was not in default at the time the debt was assigned to Defendant, Defendant is not a "debt collector" under the FDCPA and the FDCPA does not apply.

In its well-reasoned decision in Schlosser v. Fairbanks Capital Corp.,[19] the United States Court of Appeals for the Seventh Circuit held that a defendant is subject to the

---

[16] Id.

[17] Id.

[18] See id.

[19] Id.

4

FDCPA where it acquires a non-defaulted debt under the mistaken belief that the debt is in default, and its subsequent collection activities are based on that mistaken belief.[20] Here, Plaintiff has pleaded that Freemont assigned an alleged debt which Plaintiff was no longer paying (because it had been discharged) to a licensed collection agency, Defendant. There is no indication that Plaintiff made any payment on the mortgage between October 2005, when she filed for bankruptcy, and April 2006, when the mortgage was purportedly assigned. Based on the pleaded allegations, it is plausible and perhaps even likely that Defendant mistakenly considered the alleged debt to be in default at the time Defendant obtained it, and treated it as such. If so, then the exclusion set forth in 15 U.S.C. § 1692a(6)(F)(iii) does not apply to Defendant.[21] Whether Defendant was a "debt collector" under the FDCPA thus is tied to the factual circumstances surrounding the assignment of the alleged debt, an issue not properly resolved on a Rule 12(b)(6) motion to dismiss. Moreover, whether there was in fact a valid debt owed at the time of the purported assignment "is irrelevant to identifying a violation of the Act. Rather, the inquiry focuses on whether the conduct employed by a debt collector contravenes the FDCPA's mandates."[22] The Court concludes that

---

[20] See id. at 536-39.

[21] See id. at 538-39.

[22] Fedotov v. Peter T. Roach and Assocs, P.C., 354 F. Supp. 2d 471, 476 (S.D.N.Y. 2005).

5

Plaintiff's pleading has set forth "enough factual matter (taken as true) to suggest' that [it] is entitled to relief."[23]  Accordingly, it is

ORDERED that Defendant OcWen Loan Servicing LLC's Request For Judicial Notice In Support Of Motion To Dismiss Plaintiff's Complaint And Demand For Jury Trial (Doc. No. 8; Nov. 11, 2008) is granted.  It is

FURTHER ORDERED that Defendant OcWen Loan Servicing, LLC's Motion To Dismiss Plaintiff's Complaint And Demand For Jury Trial (Doc. No. 7; Nov. 11, 2008) is denied.  It is

FURTHER ORDERED that the hearing previously set for Wednesday, January 21, 2009 is vacated.

DATED at Denver, Colorado, this 14th day of January, 2009.

BY THE COURT:

*[signature]*

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court

---

[23] Robbins, 519 F.3d at 1247 (quoting Twombly, 127 S. Ct. at 1965).