IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02079-ZLW-BNB

CAROLYN SULLIVAN,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC, a Delaware limited liability corporation,

    Defendant.

---

ORDER

---

The matter before the Court is Defendant Ocwen Loan Servicing, LLC's Motion For Summary Judgment (Doc. No. 32).  Having reviewed carefully the moving and responding papers and the applicable legal authority, the Court concludes that this matter may be resolved on the parties' papers without a hearing.

In this action, Plaintiff asserts only one claim for relief against Defendant, for violations of the Fair Debt Collection Practices Act (FDCPA), "including but not limited to 15 U.S.C. §§ 1692e(2), 1692e(10), 1692f, 1692d, and 1692g(b), 1692f(1), 1692c(a)(2), [and] 1692e(8)."[1]

The following facts are undisputed.  On August 22, 2005, Plaintiff Carolyn Sullivan executed a Note in the amount of $75,000 secured by a Deed of Trust on certain real property located in Centennial, Colorado.[2]  Fremont Investment and Loan

---

[1] Complaint And Demand For Jury Trial (Doc. No. 1) at 5.

[2] Defendant Ocwen Loan Servicing, LLC's Motion For Summary Judgment (Doc. 32) (Defendant's Motion) Exs. B and C.

(Fremont) initially serviced Plaintiff's Note and Deed of Trust.[3] On March 8, 2006, the Note and Deed of Trust were discharged in Plaintiff's Chapter 7 bankruptcy proceedings.[4] On April 1, 2006, Defendant Ocwen Loan Servicing, LLC obtained the servicing rights to the Note and Deed of Trust from Fremont.[5] At the time it obtained the servicing rights, Defendant was not advised that the debt had been discharged in bankruptcy.[6] As of April 1, 2006, the date Defendant obtained the servicing rights, Plaintiff was not delinquent on her payments on the Note.[7] In fact, even though her debt had been discharged in bankruptcy, Plaintiff continued to make payments on the Note to Defendant on May 8, 2006, June 12, 2006, and July 14, 2006.[8] Plaintiff apparently made no payments thereafter. On September 19, 2006, Defendant sent Plaintiff a Notice of Default.[9] On February 25, 2008, Defendant transferred the servicing rights to non-party National Attorney Network.[10] On July 23, 2008, Plaintiff, and then Plaintiff's attorney, called Defendant, and were informed by Defendant that the loan had been transferred to National Attorney Network on February 25, 2008.[11] Defendant's attorney

---

[3] Id. Ex. A ¶¶ 5-6.

[4] Id. Ex. D at 2.

[5] Id. Ex. A ¶¶ 4-5.

[6] Id. Ex. D at 2.

[7] Id. Ex. A ¶ 7.

[8] Id. Ex. D at 1.

[9] Plaintiff's Response To Defendant's Motion For Summary Judgment (Doc. 34) (Plaintiff's Response) Ex. 10.

[10] Defendant's Motion Ex. D at 2.

[11] Id. at 4.

then sent correspondence to Defendant documenting that the debt had been discharged in bankruptcy.[12]  Subsequently, Defendant submitted a request to the four major credit reporting agencies asking that they reflect that the loan was included in a discharged Chapter 7 bankruptcy during the time that Defendant was servicing the loan.[13]

The FDCPA prohibits deceptive and misleading practices by "debt collectors."[14] The FDCPA's prohibitions apply only to "debt collectors," as opposed to creditors generally, because debt collectors, unlike creditors, will likely have "no future contact with the consumer and often are unconcerned with the consumer's opinion of them."[15] Thus, the FDCPA expressly excludes from the definition of "debt collector" "any person attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ."[16]  This is because an entity that acquires a current, non-defaulted debt in order simply to continue servicing it "is acting much like the original creditor that created the debt.  On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector."[17]

---

[12] Id. at 2.

[13] Id. .

[14] 15 U.S.C. § 1692e.

[15] Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003).

[16] See id.

[17] Id.

It is undisputed that Plaintiff's Note and Deed of Trust were not in default at the time that Defendant obtained the servicing rights to them.  Plaintiff's obligation to pay under the Note and Deed of Trust had been discharged in bankruptcy, but for some reason she continued to make payments on the Note. The discharge of the debt in bankruptcy did not render the debt "defaulted," and Defendant did not obtain servicing rights to a defaulted debt.  It obtained purported servicing rights to a non-defaulted, discharged debt.  Any attempts by Defendant to collect on the debt were erroneous, since the debt had been discharged, but *they are not actionable under the FDCPA* because Defendant does not qualify as a "debt collector" under that statute.

Plaintiff also contends that at some point in June or July of 2008 National Attorney Network transferred her account back to Defendant, and thereafter Defendant attempted to collect from her on the account.[18]  Plaintiff argues that Defendant was indisputably a "debt collector" under the FDCPA at least at that point because, according to Defendant's records, the purported debt went into default as of August 2006, and thus Defendant obtained what it believed to be a defaulted debt when the debt was transferred back in the summer of 2008.[19]  However, there is no admissible evidence before the Court that National Attorney Network actually transferred the account back to Defendant, and in fact Defendant's own records indicate that Defendant informed Plaintiff and Plaintiff's attorney in July 2008 that the loan had been transferred

---

[18]See Plaintiff's Response Ex. 6 ¶¶ 6, 7, 10, 11.

[19]See Schlosser, 323 F.3d at 536-39 (7th Cir. 2003) (defendant subject to the FDCPA where it acquires a non-defaulted debt under the mistaken belief that it is defaulted, and then acts upon that mistaken belief).

to National Attorney Network.[20] Plaintiff's assertion in her affidavit that the account was transferred back to Defendant in the summer of 2008 is wholly conclusory, and a conclusory statement is insufficient to satisfy the "personal knowledge" requirement for affidavits under Fed. R. Civ. P. 56, especially where, as here, the statement pertains to information likely known only to another party.[21] The undisputed evidence in this case establishes that Defendant does not fall under the definition of "debt collector" set forth in the FDCPA, and Plaintiff's action fails on that basis. Accordingly, it is

ORDERED that Defendant Ocwen Loan Servicing, LLC's Motion For Summary Judgment (Doc. No. 32) is granted, the parties to pay their own costs and attorney's fees. It is

FURTHER ORDERED that the Complaint and cause of action are dismissed with prejudice. It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58(a). It is

---

[20] Defendant's Motion Ex. D at 4-5.

[21] See Luckett v. Bethlehem Steel Corp., 618 F.2d 1373, 1381 n. 7 (10th Cir. 1980); see also Cornell Research Foundation, Inc. v. Hewlett-Packard Co., 2007 WL 4249135, *10 (N.D.N.Y. Jan. 31, 2007) (an affidavit must contain more than a simple, conclusory statement that the maker possesses personal knowledge; "instead, a basis for the person's acquisition of such personal knowledge must be readily discernable from the face of the affidavit.").

FURTHER ORDERED that the hearing previously set for July 22, 2009, at 2:00 p.m. is vacated.

DATED at Denver, Colorado, this 14th day of July, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court